# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LAMONTE A. EALY,

                Plaintiff,

        -vs-                       Case No.   14-CV-791

DAVID CLARK, MR. NYKLEWICZ,
LT. ARTUS, LT. GROOVE,
CO SANTANNA, CO FLORES,
MILWAUKEE COUNTY JAIL, and SHERIFF DEPARTMENT,

                Defendants.

## SCREENING ORDER

The plaintiff, who is confined at the Milwaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $13.19.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that the defendants failed to protect him from an attack by gang members at the Milwaukee County Jail. He alleges that after notifying officers of the danger he was attacked by two inmates who entered his cell. The plaintiff seeks monetary damages.

3

The Court finds that the plaintiff may proceed on a constitutional failure to protect claim. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011); *Guzman v. Sheahan*, 495 F.3d 852, 856-57 (7th Cir. 2007). However, defendants Milwaukee County Jail and Sheriff Department will be dismissed because they are not subject to suit under 42 U.S.C. § 1983. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (citing *Buchanan v. Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999) (citing cases).

## Motion to Appoint Counsel

The plaintiff has filed a letter requesting a referral for a legal representative. He asserts that he does not fully understand legal terms and language. The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff has not satisfied the threshold requirement of trying to find an

attorney on his own. He should contact at least three attorneys. In addition, his failure to protect claim is not complex and he appears competent to proceed on his own at this time. Specifically, the plaintiff's filings reveal that he is articulate and has the ability to conduct discovery. For these reasons, the plaintiff's request for counsel will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court's Office mail the plaintiff the pro se guide, Answers to Prisoner Litigants' Common Questions.

**IT IS FURTHER ORDERED** that defendants Milwaukee County Jail and Sheriff Department are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

5

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from the plaintiff's prison trust account the $336.81 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857. A copy should also be sent to Maricela Castillo and Mary Wenten at the Milwaukee County House of Corrections.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the

defendants.  All defendants will be served electronically through the court's electronic case filing system.  The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2014.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**