# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMONTE A. EALY,

          Plaintiff,

    -vs-                                    Case No. 14-CV-791

DAVID CLARK, MR. NYKLEWICZ,
LT. ARTUS, LT. GROOVE,
CO SANTANNA, and CO FLORES,

          Defendants.

## DECISION AND ORDER

On November 12, 2104, the plaintiff filed a letter requesting an extension of time to send in discovery requests. The plaintiff is advised that once the defendants file their answer to the complaint, the Court will enter a Scheduling Order setting a deadline for the completion of discovery. The plaintiff should direct his discovery requests to the defendants' attorney after the Scheduling Order is entered. His motion for extension of time is premature and will be denied without prejudice.

The plaintiff's letter also seeks waiver of monthly payment installments of the filing fee. The Prison Litigation Reform Act, 28 U.S.C. § 1915(b), provides in relevant part:

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each

> time the amount in the account exceeds $10 until the filing fees
> are paid.

The question of how a prisoner's filing fee is to be collected is determined entirely by the PLRA and is outside the prison's control once the prisoner files a complaint or notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *rev'd on other grounds by*, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Based on the foregoing, the plaintiff's motion for waiver will be denied.

On November 13, 2014, the plaintiff filed a document titled "Discovery Demand." However, as set forth herein, the plaintiff should direct his discovery requests to counsel for the defendants. The plaintiff is advised that the way to obtain information during the course of this action is to make discovery requests of the defendants and not from the Court. Rules 26 through 37 of the Federal Rules of Civil Procedure describe the various ways in which a party can seek discovery. The plaintiff is advised that he should send his discovery requests to the appropriate defendant's attorney.

The Court only becomes involved in the discovery process if a party fails to respond to interrogatories or requests for production of documents. Then, the other party may file a motion to compel discovery with the court, but only after conferring or attempting to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Such an attempt to resolve discovery disputes between parties is required before filing a motion to compel discovery. The motion should describe these efforts. *See* Fed. R. Civ. P 37(a); Civil L.R. 37 (E.D. Wis.).

2

**IT IS THEREFORE ORDERED** that the plaintiff's motion for extension of time (Docket # 12) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to waive monthly payments (Docket # 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket # 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a pro se guide, Answers to Prisoner Litigants' Common Questions, along with this Order.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2014.

**SO ORDERED,**

*[signature: Rudolph T. Randa]*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**