# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAMONTE A. EALY,**

    Plaintiff,

    -vs-                                                          **Case No. 14-CV-791**

**DAVID CLARKE, et al.,**

    Defendants.

# DECISION AND ORDER

The plaintiff has filed a motion for leave to file an amended complaint (ECF No. 48), which is now before the Court. The plaintiff's motion does not comply with Civil Local Rule 15(b) (E.D. Wis.), which requires that a motion to amend a complaint "state specifically what changes are sought by the proposed amendments" and attach the proposed amended complaint to the motion in its entirety without reference to the prior complaint. Because the plaintiff failed to follow the local rules, the Court will deny the plaintiff's motion to amend his complaint.

The Court also notes that, even had the plaintiff adhered to Civil L.R. 15, it is doubtful that the Court would have granted his motion. The plaintiff filed his complaint more than a year ago. On April 17, 2015, the plaintiff filed an amended complaint, which the Court struck from the record on May 11, 2015, based on the plaintiff's failure to adhere to Federal

Rule of Civil Procedure 15. The Court also noted in its order that discovery had already closed and that dispositive motions were due in less than two weeks.

The plaintiff waited more than two months after that order to file this present motion to amend, during which time defendants filed a summary judgment motion that is now fully briefed. It appears to the Court that the plaintiff's undue delay in filing the present motion to amend is in bad faith and that granting such a motion would not only prejudice the defendants but would also waste the time and resources of the Court and the parties. The plaintiff is cautioned to closely consider the Court's observations when determining how he would like to proceed.

The plaintiff has also filed a separate motion for the appointment of counsel (ECF No. 49). In that motion, the plaintiff states that he is not familiar with the law and is able only to state what happened to him.

The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a

reasonable attempt to secure counsel, the Court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff still has not satisfied the initial step in the process described above. On October 31, 2014, the Court instructed him to contact three attorneys; the plaintiff has indicated to the Court that he contacted only two attorneys in an attempt to secure a lawyer on his own. The Court will not excuse the plaintiff from this requirement. The plaintiff's motion is denied.

In any event, the plaintiff has indicated that all he is able to do is "state what happened." (ECF No. 49 at 1.) This is sufficient at this stage. The plaintiff is articulate, organized, and able to present his version of the events in a manner that the Court can understand. Discovery is closed, and the plaintiff has responded to the defendants' motion for summary judgment. At this point, the plaintiff need only wait for the Court's decision. Should the plaintiff's claims survive summary judgment, he may

- 3 -

renew his request for the appointment of counsel, and the Court will again consider it.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to amend his complaint (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the plaintiff's motion to appoint counsel (ECF No. 49) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2015.

                                                **BY THE COURT:**

                                                */s/ Rudolph T. Randa*

                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**